## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RICHARD C. EVANS,** | : | **CIVIL ACTION NO. 3:15-CV-0190** |
| | : | |
| **Plaintiff** | : | **(Judge Munley)** |
| | : | |
| **v.** | : | |
| | : | |
| **JOHN E. WENTZEL, VINCENT** | : | |
| **MOONEY, COAL TOWNSHIP** | : | |
| **MEDICAL STAFF, NICHOLE** | : | |
| **BOGESLAW,** | : | |
| | : | |
| **Defendants** | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## MEMORANDUM

Plaintiff Richard C. Evans ("Evans" or "plaintiff"), at all times relevant an inmate incarcerated at the State Correctional Institution at Coal Township ("SCI-Coal Township"), Pennsylvania, commenced this civil rights action on January 28, 2015. (Doc. 1). The named defendants include John Wetzel ("Wetzel"), Vincent Mooney ("Mooney"), Coal Township Medical Staff, and Nichole Boguslaw ("Boguslaw"). Presently pending is a motion (Doc. 17) to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) filed on behalf of defendants Wetzel, Mooney, and Coal Township Medical Staff. Also pending is defendant Boguslaw's motion (Doc. 20) to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), and Evans's motion (Doc. 25) for an extension of time to respond to Boguslaw's motion.

For the reasons set forth below, the complaint will be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) and the motions (Docs. 17, 20) to dismiss and the motion (Doc. 25)

for an extension of time will be denied as moot.

## I.    Standard of Review

Under 28 U.S.C. § 1915A, the Court is obligated to screen a civil complaint in which a prisoner is seeking redress from a governmental entity or an officer or employee of a governmental entity.  28 U.S.C. § 1915A(a); James v. Pa. Dep't of Corr., 230 Fed. App'x 195, 197 (3d Cir. 2007).  The Court must dismiss the complaint if it "fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915A(b)(1).  The Court has a similar obligation with respect to actions brought *in forma pauperis* and actions concerning prison conditions . See 28 U.S.C. § 1915(e)(2)(B)(ii); 42 U.S.C. § 1997e(c)(1).  See Banks v. Cnty. of Allegheny, 568 F. Supp. 2d 579, 587–89 (W.D. Pa. 2008) (summarizing prisoner litigation screening procedures and standards).  "The court's obligation to dismiss a complaint under [these] screening provisions is not excused even after defendants have filed a motion to dismiss."  Id. at 589.  In performing this mandatory screening function, a district court applies the same standard applied to motions to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  Mitchell v. Dodrill, 696 F. Supp. 2d 454, 471 (M.D. Pa. 2010); Banks, 568 F. Supp. 2d at 588.

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of complaints that fail to state a claim upon which relief can be granted.  FED. R. CIV. P. 12(b)(6).  When ruling on a motion to dismiss under Rule 12(b)(6), the court must "accept as true all [factual] allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff."  Kanter v.

Barella, 489 F.3d 170, 177 (3d Cir. 2007) (quoting Evancho v. Fisher, 423 F.3d 347, 350

(3d Cir. 2005)).  Although the court is generally limited in its review to the facts

contained in the complaint, it "may also consider matters of public record, orders, exhibits

attached to the complaint and items appearing in the record of the case." Oshiver v.

Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n. 2 (3d Cir. 1994); see also In re

Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997).

Federal notice and pleading rules require the complaint to provide "the defendant

notice of what the . . . claim is and the grounds upon which it rests." Phillips v. Cty. of

Allegheny, 515 F.3d 224, 232 (3d Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550

U.S. 544, 555 (2007)).  To test the sufficiency of the complaint in the face of a Rule

12(b)(6) motion, the court must conduct a three-step inquiry.  See Santiago v. Warminster

Twp., 629 F.3d 121, 130-31 (3d Cir. 2010).  In the first step, "the court must 'tak[e] note

of the elements a plaintiff must plead to state a claim.'" Id. (quoting Ashcroft v. Iqbal,

556 U.S. 662, 675 (2009)).  Next, the factual and legal elements of a claim should be

separated; well-pleaded facts must be accepted as true, while mere legal conclusions may

be disregarded.  Id.; see also Fowler v. UPMC Shadyside, 578 F.3d 203, 210–11 (3d Cir.

2009).  Once the well-pleaded factual allegations have been isolated, the court must

determine whether they are sufficient to show a "plausible claim for relief." Iqbal,

556 U.S. at 679 (citing Twombly, 550 U.S. at 556); Twombly, 550 U.S. at 555 (requiring

plaintiffs to allege facts sufficient to "raise a right to relief above the speculative level").

A claim "has facial plausibility when the plaintiff pleads factual content that allows the

court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." Iqbal, 556 U.S. at 678.

## II.    **Allegations of the Complaint**

In the "Statement of Claim" section, Evans states that during his incarceration at

SCI-Coal Township, he experienced the following:

> Richard C. Evans, has been diagnosed with cronic [sic] pain symbolia caused
> by hereditary bone disease.  Mr. Evans has been diagnosed and has been
> treating with his Primary Care Doctor's for over the past 20 years.  Upon Mr.
> Evans inception into the DOC, he was receiving adequate medical attention
> until his having been transferred [sic] to Coal Township under the care and
> direction of Vincent Mooney, Nicole Bogeslaw and others.  Plaintiff is now
> not receiving the necessary medical care required to help the Plaintiff cope
> with his sever [sic] pain.
>
> Plaintiff's health conditions require him to have certain medical devices that
> the defendant's [sic] refuse to accommodate Mr. Evans with.  Specifically,
> extra mattress, cane and certain prescribed medication geared at helping reduce
> sever [sic] pain caused by Mr. Evan's bone disease.
>
> Mr. Evans was placed on a second level tier thus lacking the appropriate
> necessary medications[.] Mr. Evans fell weak and collapsed down a flight of
> metal stairs.

(Doc. 1, pp. 2-3).  He seeks only injunctive relief in the form of an order requiring

defendants to provide him with appropriate medical care, a second opinion from an

independent physician, and necessary accommodations such as an extra mattress, a

walking cane, and prescription pain medication.  Evans has recently been transferred from

SCI-Coal Township to another state institution; he is now incarcerated at the State

Correctional Institution at Camp Hill, Pennsylvania.  (Doc. 25, ¶¶ 4-5).

## III.   **Discussion**

The adjudicatory power of a federal court depends upon the "continuing existence of a live and acute controversy." Steffel v. Thompson, 415 U.S. 452, 459 (1974).  A federal court may entertain "only actual, ongoing cases or controversies." Burkey v. Marberry, 556 F.3d 142, 147 (3d Cir.2009) (quoting Lewis v. Continental Bank Corp., 494 U.S. 472, 477 (1990)).  Where a plaintiff seeks injunctive relief for prison conditions that he is no longer subject to, there is no longer a live controversy and a court cannot grant that injunctive relief.  See Abdul-Akbar v. Watson, 4 F.3d 195, 206 (3d Cir.1993); Fortes v. Harding, 19 F. Supp.2d 323, 326 (M.D.Pa.1998).

Significantly, transfer from one prison facility to another moots any claims for injunctive or declaratory relief pending against officials at the institution from which he was transferred moot.  See Abdul-Akbar v. Watson, 4 F.3d 195, 206-07 (3rd Cir.1993); Weaver v. Wilcox, 650 F.2d 22, 27 (3rd Cir. 1981).  See also, Spencer v. Sec'y Dep't of Corr., No. 14-2009, 2015 WL 3895302, at *1 n.2 (3d Cir. June 25, 2015) (noting that plaintiff's transfer rendered his request for declaratory and injunctive relief against officials at that institution moot); Banks v. Sec'y Pennsylvania Dep't of Corr., 601 F. App'x 101, 103 (3d Cir. 2015) (same); Capozzi v. Bledsoe, 560 F. App'x 157, 159 (3d Cir. 2014) (same);  Mollett v. Leicth, 511 F. App'x 172, 174 (3d Cir. 2013) (finding that because the inmate plaintiff's transfer rendered the case moot the district court lacked jurisdiction over the merits of the case).  Evans's complaint, seeking injunctive relief related to the medical care administered at SCI-Coal Township, is now moot as he is no

Case 3:15-cv-00190-JMM-EBC   Document 26   Filed 03/30/16   Page 6 of 6

longer incarcerated at SCI-Coal Township.  Because Evans fails to state a claim upon

which relief may be granted, his complaint will be dismissed pursuant to 28 U.S.C. §

1915A(b)(1).

**IV.**    **Conclusion**

Based on the foregoing, Evans's complaint will be dismissed pursuant to 28 U.S.C.

§ 1915A(b)(1) and the defendants motions (Docs. 17, 20) to dismiss the complaint, and

plaintiff's motion (Doc. 25) for an enlargement of time, will be denied as moot.

An appropriate order will enter.


**BY THE COURT:**


**s/James M. Munley**
**JUDGE JAMES M. MUNLEY**
**United States District Court**


Dated: March 30, 2016